UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDREW DALTON PETERSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:22-CV-178-MGG |

## OPINION AND ORDER

Andrew Dalton Peterson, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary proceeding at Westville Correctional Facility in which he was found guilty of "impairing surveillance." (ECF 1.) As a result of the guilty finding, he lost 60 days of earned-time credits. (ECF 15-2.) After he filed the petition, the Indiana Department of Correction ("IDOC") appeal review officer vacated the guilty finding and granted him a new hearing. (ECF 15-1.)

Based on the IDOC appeal review officer's action, the respondent moves to dismiss the petition as moot. (ECF 15.) As the respondent argues, because the guilty finding has been vacated, there is no longer a live dispute for this court to decide. *See Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003) (prison disciplinary conviction can be challenged in a federal habeas proceeding only if it lengthened the duration of the petitioner's confinement); *see also Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated.").

Mr. Peterson filed a response the motion asking the court to "hold off" on dismissing the case until the results of the rehearing are known. (ECF 17.) He fears that if he loses at the rehearing, he will have to seek habeas review again, and in his view it would be more expeditious for the court to simply keep this case open. (*Id.*) His concern is understandable, but the court has no authority to adjudicate a case that has become moot. *Brown*, 442 F.3d 596. The guilty finding he is challenging in this case has been vacated, and there is no longer any basis for the court to decide whether his due process rights were violated in connection with that finding. *See id.* If he is found guilty at the rehearing, he is free to file a new habeas petition challenging *that* guilty finding, after exhausting his administrative appeals.

For the reasons set forth above, the motion to dismiss (ECF 15) is GRANTED, and the petition (ECF 1) is DISMISSED as moot.

SO ORDERED on July 12, 2022

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge